JAY CLAYTON
United States Attorney for the
Southern District of New York
By:    JERRY FANG / REBECCA DELFINER
Assistant United States Attorneys
26 Federal Plaza
New York, New York 10278
Tel. (212) 637-2584 / 2427

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **VERIFIED COMPLAINT FOR FORFEITURE** |
| APPROXIMATELY, $542,654.81 IN UNITED STATES CURRENCY FORMERLY ON DEPOSIT IN CITIBANK ACCOUNT NUMBER 6877019151, HELD IN THE NAME OF "FGUS INC." AND ALL FUNDS TRACEABLE THERETO, INCLUDING ACCRUED INTEREST, | 25 Civ. 3761 |
| Defendant-*in-rem*. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

## JURISDICTION AND VENUE

      1.     This is a civil action *in rem* commenced by the United States of America pursuant to Title 18, United States Code, Section 981 seeking the forfeiture of approximately $542,654.81 in United States currency formerly on deposit in Citibank Account Number

1

6877019151, held in the name of "FGUS Inc." and all funds traceable thereto, including accrued interest (the "Defendant-*in-rem*").

2. This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper pursuant to Title 28, United States Code, Section 1395 because the Defendants-*in-rem* are currently held in the Department of Treasury suspense account located within the judicial district for the Southern District of New York. Venue is also proper under Title 28, United States Code, Section 1355(b)(1)(A) because acts and omissions giving rise to forfeiture took place in the Southern District of New York.

4. The Defendant-*in-rem* is presently in the custody of the United States Secret Service ("USSS").

## PROBABLE CAUSE FOR FORFEITURE OF THE DEFENDANT-*IN-REM*

5. The USSS and the U.S. Attorney's Office for the Southern District of New York are currently investigating a business email compromise ("BEC"), fraud, and money laundering scheme that occurred from at least in or about September 2022 (the "Investigation").

6. As a result of the Investigation, including information provided by representatives of a victim bank (the "Bank Victim") and the Bank Victim's client, a financial institution in Manhattan, New York (the "Email Compromise Victim"), the Government has learned the following:

   a. Prior to September 7, 2022, an email account (the "Email Account") associated with the Email Compromise Victim's Assistant Controller & Treasurer, was compromised by a phishing scheme that allowed malicious software to be installed on the Email Account, which enabled unauthorized users to gain access to the Email Account.

2

    b. Unauthorized users accessed the Email Account from various locations outside of New York, including Massachusetts and Europe. The unauthorized users also took steps to conceal their intrusion and unauthorized access to the Email Account, including by implementing an email inbox rule that automatically moved specified emails to a conversation folder and marked those emails as read.

    c. On or about September 7, 2022, the Bank Victim received an email, purportedly from the Email Account, requesting to draw down $3 million under a line of credit that the Email Compromise Victim had with the Bank Victim. The email instructed the Bank Victim to wire $3 million to Citibank Account Number 6877019151 (the "Citibank Account").

    d. On the same date, the Bank Victim then transferred $3 million to the Citibank Account, unaware that the email it received from the Email Compromise Victim was fraudulent and believing it was effectuating a $3 million drawdown requested by the Email Compromise Victim.

    e. The Email Compromise Victim did not authorize this wire transfer. In reality, by making the transfer to the Citibank Account, the Bank Victim had unknowingly transferred the funds to a bank account that was opened by an individual identified as Gus Franklin, Jr. ("Franklin"), purportedly as a business account in the name of FGUS Inc. ("FGUS"), a business corporation registered in the state of New York.

    f. Following Bank Victim's $3 million transfer into the Citibank Account, Franklin made multiple withdrawals of less than $10,000 at several Citibank locations in the Southern District of New York.

      i. For example, between September 8, 2022—the day after the $3 million transfer from the Bank Victim—and October 6, 2022, Franklin made more than eleven

withdrawals from the Citibank Account, each in the amount of $9,500, which is under the threshold that would trigger financial reporting requirements—that is, reporting requirements that apply for any currency transaction of over $10,000.

  g. On or about July 26, 2022, Franklin opened an account with TD Bank with account number 4413536660 in the name of FGUS (the "TD Bank Account").

  h. On or about September 12, 2022, Franklin transferred $543,500 from the Citibank Account into the TD Bank Account.

  i. Immediately prior to the $543,500 transfer into the TD Bank Account, the TD Bank Account had an account balance of $172.81. After Franklin transferred the $543,500 from the Citibank Account into the TD Bank Account, he withdrew $1,000 from the TD Bank Account, more than the $172.81 that was in the account prior to the $543,500 transfer. Franklin also paid a $15 wire transfer fee in connection with the $543,500 transfer, yielding a net amount of $542,657.81 remaining in the TD Bank Account as of October 26, 2022.

  7. On or about November 10, 2022, the Honorable Sarah L. Cave, U.S. Magistrate Judge for the Southern District of New York signed a seizure warrant authorizing the civil seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) of any and all funds, up to and including $542,657.81, on deposit in the TD Bank Account, and all funds traceable thereto, including accrued interest (the "First Seizure Warrant").

  8. Prior to the execution of the First Seizure Warrant on TD Bank, on or about November 17, 2022, TD Bank transferred $542,654.81 from the TD Bank Account to the Citibank Account. Upon executing the First Seizure Warrant on TD Bank, the Government was advised by TD Bank that the $542,654.81 formerly on deposit in the TD Bank Account had been transferred back to the Citibank Account.

9. On or about December 21, 2022, pursuant to 18 U.S.C. § 981(a)(1)(C), the Honorable Gabriel W. Gorenstein, U.S. Magistrate Judge for the Southern District of New York, signed a seizure warrant authorizing the seizure of the any and all funds, up to $542,654.81 in United States currency, on deposit in Citibank Account Number 6877019151, held in the name of "FGUS Inc." and all funds traceable thereto, including accrued interest.

10. On or about January 17, 2023, the Government seized the Defendant-*in-rem*.

## CLAIM FOR FORFEITURE

11. Paragraphs 1 through 10 of this Verified Complaint are repeated and re-alleged as if fully set forth herein.

12. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), subjects to civil forfeiture:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

13. As defined in 18 U.S.C. § 1956(c)(7), "specified unlawful activity," includes, among other things, wire fraud, in violation of Title 18, United States Code, Section 1343 and receipt of stolen money, in violation of Title 18, United States Code, Section 2315. "Specified unlawful activity" also includes, among other things, any offense listed under Title 18, United States Code, Section 1961(1). Section 1961(1) lists, among other things, wire fraud (18 U.S.C. § 1343) and receipt of stolen money (18 U.S.C. § 2315).

14. By reason of the foregoing the Defendant-*in-rem* are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property

5

constituting or derived from proceeds traceable to a violation of Title 18, United States Code, Sections 1343 and 2315.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant-*in-rem* and that all persons having an interest in the Defendant-*in-rem* be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant-*in-rem* to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      May 6, 2025

                        JAY CLAYTON
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the Plaintiff
                        United States of America

By:      /s/_____
       Jerry Fang / Rebecca Delfiner
       Assistant United States Attorneys
       26 Federal Plaza
       New York, New York 10278
       Tel. (212) 637-2584 / 2427

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

Daniel Alessandrino, being duly sworn, deposes and says that he is a Detective with the Special Frauds Squad of the New York City Police Department ("NYPD"), Financial Crimes Task Force, and a Task Force Officer with the United States Secret Service ("USSS"), Cyber Frauds Task Force, and as such is a federal law enforcement officer, and that he has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the grounds of his belief are conversations with other law enforcement officers and others, official records and files of USSS and the United States Government, and information obtained directly or indirectly by deponent during an investigation of alleged violations of Title 18, United States Code.

_____
Daniel Alessandrino
Detective, New York City Police Department
Task Force Officer, United States Secret Service